# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISRICT OF KENTUCKY
## LOUISVILLE DIVISION

SHERITA AUTREY      )        )
             )
       Plaintiff   )
             )
v.             ) Civil Action No.: 3-12-cv-329-H
             )
CITY OF LOUISVILLE, KENTUCKY )
  **Serve:** Mayor Greg Fischer )
    City Hall     )
    601 W. Jefferson St. ) Judge:_____
    Louisville, Ky. 40202 )
             )
and           )
             )
LOUISVILLE METROPOLITAN  )
POLICE DEPARTMENT    )
  **Serve:** Chief Steve Conrad )
    633 W. Jefferson St. )
    Louisville, Ky. 40202 )
             )
and           )
             )
CHIEF STEVE CONRAD    )
LOUIVILLE METROPOLITAN  )
POLICE DEPARTMENT    )
  **Serve:** Chief Steve Conrad )
    633 W. Jefferson St. )
    Louisville, Ky. 40202 )
             )
and           )
             )
OFFICER MIRANDA COLE, in her )
official and individual capacities, )
  **Serve:** Officer Miranda Cole )
    633 W. Jefferson St. )
    Louisville, Ky. 40202 )
             )
and           )
             )
OFFICER BILLY SHAW, in his  )
official and individual capacities, )

1

**Serve:** Officer Billy Shaw  )
633 W. Jefferson St.  )
Louisville, Ky. 40202  )
)
and  )
)
UNKNOWN OFFICERS OF THE  )
LOUISVILLE METROPOLITAN  )
POLICE DEPARTMENT, in their official  )
and individual capacities  )
Serve:  Chief Steve Conrad  )
633 W. Jefferson St.  )
Louisville, Ky. 40202  )
)
and  )
)
BLUE DIAMOND APARTMENTS LLC  )
Serve:  UCS of Kentucky Inc.  )
421 W. Main St.  )
Frankfort, Ky. 40601  )
)
and  )
)
STRATEGIC PROPERTY  )
SERVICES INC.  )
Serve:  Donna B. Horne  )
210 Malabu Dr.  )
Lexington, Ky. 40502  )
)
and  )
)
SHANNON SHATTUCK  )
Serve:  Shannon Shattuck  )
9802 Anita Blvd.  )
Louisville, Ky. 40272-3210  )
)
and  )
)
PAM FREEMAN  )
Serve:  Pam Freeman  )
333 Whispering Brook Dr.  )
Louisville, Ky. 40229  )
)
and  )
)
UNKNOWN EMPLOYEES AND  )

AGENTS OF BLUE DIAMOND          )
APARTMENTS LLC                  )
Serve: UCS of Kentucky Inc.     )
    421 W. Main St.          )
    Frankfort, Ky. 40601    )
                              )
                Defendants   )

## COMPLAINT

### INTRODUCTION

This is an action for actual, general, special, compensatory and punitive damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Fourth and Fourteenth Amendments to the U. S. Constitution, Sections 2 and 10 of the Kentucky Constitution, and under the law of the state of Kentucky, against Officers Miranda Cole and Billy Shaw, and unknown officers of the Louisville Metropolitan Police Department, in their individual and official capacities, and against the Louisville Metropolitan Police Department, Chief Steve Conrad, and the City of Louisville, Kentucky.

This action further seeks actual, general, special, compensatory and punitive damages pursuant to 42 U.S.C. §§ 1985, 1986, 1988, and the law of the state of Kentucky against Blue Diamond Apartments LLC, Strategic Property Services Inc., Shannon Shattuck, Pam Freeman, and unknown employees and agents of Blue Diamond Apartments LLC and Strategic Property Services Inc.

Plaintiff Sherita Autrey alleges that Defendants Cole, Shaw, and unknown officers of the Louisville Metropolitan Police Department conducted a warrantless search of her home unsupported by probable cause, without her consent, and with neither attempt to secure her

3

consent nor to express any explanation or justification for their purpose, acting under color of state law and in violation of her substantial rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and Sections 2 and 10 of the Kentucky Constitution.

Plaintiff further alleges that Defendants City of Louisville, Louisville Metropolitan Police Department, and Louisville Metropolitan Police Chief Steve Conrad failed to properly employ, train, and supervise the officers under their direction and control so as to assure that these officers observed and followed applicable constitutional standards relating to the conduct of their duties and that said failure amounted to a deliberate indifference to the rights of Plaintiff and other citizens and a policy or custom actionable under 42 U.S.C. 1983.

Plaintiff further alleges that Defendants Shannon Shattuck, Pam Freeman, and unknown employees or agents acting within the scope of their employment with Defendants Strategic Property Services Inc. and Blue Diamond Apartments LLC, intentionally and negligently entered and granted governmental actors access to Plaintiff's home without her consent and without legal authority, searched through her personal belongings and examined her private property, or, in the alternative, allowed governmental agents to do so, constituting an unreasonable intrusion onto Plaintiff's right to privacy.

As a direct result of the gross and unconscionable actions of all Defendants, Plaintiff was deprived of substantial rights and suffered severe emotional distress.

Plaintiff asserts the following claims against the City of Louisville, Louisville Metropolitan Police Chief Steve Conrad, the Louisville Metropolitan Police Department, Officers Miranda Cole and Billy Shaw, and Unknown Officers of the Louisville Metropolitan Police Department:

1)      Violation of 42 U.S.C. § 1983; deprivation of constitutional rights

2)  Violation of 42 U.S.C. § 1985; conspiracy

3)  Violation of 42 U.S.C. § 1986; refusing or neglecting to prevent conspiracy

4)  Invasion of Privacy

5)  Intentional Infliction of Emotional Distress

6)  Negligent Infliction of Emotional Distress

7)  Negligence

8)  Gross Negligence

Plaintiff asserts the following claims against Blue Diamond Apartments LLC, Strategic Property Services Inc., employees Shannon Shattuck and Pam Freeman, and Unknown Employees of Blue Diamond Apartments LLC, and Strategic Property Services Inc.:

1)  Invasion of Privacy

2)  Intentional Infliction of Emotional Distress

3)  Negligent Infliction of Emotional Distress

4)  Negligence

6)  Gross Negligence

## JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §§ 1983, 1985, 1986 and 1988. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under Kentucky state law pursuant to 28 U.S.C. § 1367.

Venue lies in the United States District Court for the Western District of Kentucky because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jefferson County, Kentucky. 28 U.S.C. § 1391(b)(2).

## PARTIES

1.      Plaintiff Sherita Autrey is and was at all times relevant hereto an adult citizen and a resident of the City of Louisville, Jefferson County, Kentucky.

2.      Defendant Miranda Cole is and was at all times relevant hereto employed by the City of Louisville as a duly appointed police officer with the Louisville Metropolitan Police Department. She is sued in her official and individual capacities.

3.      Defendant Billy Shaw is and was at all times relevant hereto employed by the City of Louisville as a duly appointed police officer with the Louisville Metropolitan Police Department. He is sued in his official and individual capacities.

4.      Defendant Chief of Police Steve Conrad is and was at all times relevant hereto the duly appointed chief of the Louisville Metropolitan Police Department and as such is responsible for the promulgation and implementation of police policies, procedures, and practices in the City of Louisville.

5.      Defendant City of Louisville is a municipal entity located in Jefferson County, Kentucky, and organized under the laws of the Commonwealth of Kentucky. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It is and at all times relevant hereto was the public employer of Defendant officers Cole and Shaw.

6

6.     Defendant Blue Diamond Apartments LLC is and was at all times relevant hereto a corporation lawfully conducting business in the state of Kentucky, and either is or was the employer of Defendants Shattuck and Freeman.

7.     Defendant Strategic Property Services Inc. is and was at all times relevant hereto a corporation lawfully conducting business in the state of Kentucky, and either is or was the employer of Defendants Shattuck and Freeman.

8.     Defendant Shannon Shattuck is believed to be a resident of the state of Kentucky and was at all times relevant hereto an employee of Blue Diamond Apartments LLC acting within the scope of her employment.

9.     Defendant Pam Freeman is believed to be a resident of the state of Kentucky and was at all times relevant hereto an employee of Blue Diamond Apartments LLC acting within the scope of her employment.

## FACTS

10.     On or about June 24, 2011, Plaintiff Sherita Autrey cleaned and straightened her apartment before leaving to take her dog to the veterinarian.

11.     During her absence from her home on the aforementioned date, Ms. Autrey received a telephone call from a neighbor, who advised her that police officers and employees of the apartment complex wherein she resides had entered and remained inside her apartment for approximately 15 to 20 minutes.

12.     Upon her return, Ms. Autrey discovered that Louisville Metropolitan Police Department officers, including Officers Miranda Cole and Billy Shaw, had entered her home and conducted a warrantless search.

13.     Ms. Autrey further discovered that employees of Blue Diamond Apartments LLC and Strategic Property Services Inc., including employees Shannon Shattuck and Pam Freeman, had granted police officers access to Ms. Autrey's home without permission and without legal authority to do so.

14.     Ms. Autrey further discovered that employees of Blue Diamond Apartments LLC and Strategic Property Services Inc., including employees Shannon Shattuck and Pam Freeman, had also entered her home without her permission and without legal authority to do so.

15.     Defendant police officers searched through Plaintiff's belongings and examined her personal property.

16.     Defendant employees of Blue Diamond Apartments LLC and Strategic Property Services Inc. searched through Plaintiff's belongings and examined her personal property, or, in the alternative, allowed officers of the Louisville Metropolitan Police Department to do so.

17.     The warrantless police search of Ms. Autrey's home was unsupported by probable cause.

19.     The warrantless police search of Ms. Autrey's home was conducted without her consent.

20.     Defendant police officers made no attempt to secure Ms. Autrey's consent before searching her home.

21.     Defendant police officers made no attempt to explain or justify to Plaintiff their purpose in conducting the warrantless search.

8

22.     Defendant employees of Blue Diamond Apartments LLC and Strategic Property Services Inc. made no attempt to secure Plaintiff's consent to enter or to grant police officers access to her home.

23.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages in an amount exceeding the jurisdictional amount of this court:

     a.     Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and under Sections 2 and 10 of the Kentucky Constitution;

     b.     Intentional and unreasonable violation of her privacy;

     c.     Severe emotional distress, including mental and emotional suffering, loss of sleep, apprehension, embarrassment and humiliation.

### CAUSES OF ACTION AGAINST DEFENDANTS CITY OF LOUISVILLE, LOUISVILLE METROPOLITAN POLICE DEPARTMENT, CHIEF STEVE CONRAD, OFFICERS MIRANDA COLE, BILLY SHAW, AND UNKNOWN OFFICERS OF THE LOUISVILLE METROPOLITAN POLICE DEPARTMENT

### COUNT I

*Violation of 42 U.S.C. § 1983: Deprivation of Constitutional Rights*

24.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-23 as if fully set forth herein.

25.     Plaintiff asserts that at all times relevant hereto, the conduct of Defendants City of Louisville, Louisville Metropolitan Police Department, Chief Steve Conrad, Officers Cole, Shaw, and unknown officers of the Louisville Metropolitan Police Department were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

26.     Plaintiff asserts that the actions of Defendant Officers Cole, Shaw, and unknown officers of the Louisville Metropolitan Police Department in all respects, and at all times, were taken and committed under the laws, policies, customs, and usages of Defendants City of Louisville and Louisville Metropolitan Police Department.

27.     Plaintiff asserts that Defendants, acting under color of law, deprived her of her substantial rights secured by the United States Constitution or other federal law, to wit:

a.   by conducting an unreasonable search of her home without a warrant, without consent, without probable cause, and without due process of law;

b.   by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving her of rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

28.     Plaintiff asserts that as a result of the concerted unlawful and malicious conduct of Defendant police officers, she was deprived of her right to equal protection of the laws, and that the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

29.     The conduct of Defendant police officers violated clearly established constitutional rights of which a reasonable person would have known.

30.     The actions of Defendant police officers were intentional, were in gross violation of known lawful standards for conducting warrantless searches, and their unlawful actions in this regard rendered it inevitable that harm would result to Plaintiff.

31.     The practices, customs, usages, ordinances, and regulations of Defendants City of Louisville and Louisville Metropolitan Police Department, as implemented by Defendant

Officers Cole, Shaw, and unknown police officers, all as alleged herein, created a foreseeable risk of harm to Plaintiff which Defendants had a duty to prevent.

32.     The acts and omissions of Defendants, all as herein alleged, constituted deliberate indifference to the rights of the Plaintiff and proximately caused the injuries herein alleged.

33.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages in an amount exceeding the jurisdictional minimum of this Honorable Court.

34.     Additionally, the acts and conduct of Defendant Officers Cole, Shaw, and other unknown officers of the Louisville Metropolitan Police Department were intentional, reckless, and in wanton disregard of Plaintiff's substantial rights, and therefore support an award of punitive damages.

35.     **Wherefore**, Plaintiff demands judgment against Defendants City of Louisville, Louisville Metropolitan Police Department, Chief Steve Conrad, Officers Cole, Shaw, and unknown officers of the Louisville Metropolitan Police Department, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT II

### *Violation of 42 U.S.C. § 1985: Conspiracy*

36.     Plaintiffs re-allege and incorporate by reference Paragraphs 1-35 as if fully set forth herein.

37.     As a result of the concerted unlawful and malicious conspiracy of Defendants, Plaintiff Sherita Autrey was deprived of her right to equal protection of the laws,

and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

38.     In the alternative and without waiving the foregoing, Plaintiff alleges that the conspiracy against her constituted a reckless and/or callous indifference to her federally protected rights.

39.     The conduct of all Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

40.     **Wherefore,** Plaintiffs demand judgment against Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT III

### *Violation of 42 U.S.C. § 1986: Refusing or Neglecting to Prevent Conspiracy*

41.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if fully set forth herein.

42.     At all times relevant to this Complaint, Defendant police officers, as duly appointed police officers of the Louisville Metropolitan Police Department were acting under the direction and control of Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad.

43.     Acting under color of law and pursuant to official policy or custom, the City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and

discipline Defendant police officers on a continuing basis to refrain in the performance of their duties from:

      a.     Callously or recklessly conspiring to disregard the constitutional rights of citizens by entering and searching their homes without probable cause or consent and in violation of constitutional and statutory rights, privileges, and immunities, and/or

      b.     Otherwise depriving Plaintiff Sherita Autrey of her statutory rights, privileges, and immunities.

      44.     Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants City of Louisville and Louisville Metropolitan Police Department had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

      45.     Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

      46.     As a direct and proximate result of the negligent and intentional acts of Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad as set forth above, Plaintiff Sherita Autrey suffered pain, humiliation, severe emotional distress and severe mental anguish in connection with the deprivation of her Constitutional and

statutory rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

47.    **Wherefore**, Plaintiffs demand judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT IV

### *Invasion of Privacy*

48.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-47 as if fully set forth herein.

49.    Plaintiff asserts that the conduct of Defendants constituted an intentional and unreasonable intrusion that would be highly offensive to a reasonable person upon the solitude, seclusion and privacy of Plaintiff, regarding matters that the Plaintiff has a right to keep private, thereby constituting an invasion of Plaintiff's privacy by unreasonable intrusion.

50.    As a direct and proximate result of the acts of Defendants herein described, Plaintiff suffered severe emotional distress, mental and emotional anguish, embarrassment, humiliation, anxiety and loss of sleep, all to Plaintiff's damage in an amount exceeding the minimum jurisdictional amount of this court.

51.    The conduct of all Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

52.     **Wherefore**, Plaintiffs demand judgment against Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT V

### *Intentional Infliction of Emotional Distress*

53.     Plaintiff Sherita Autrey re-alleges and incorporates by reference Paragraphs 1-52 as if fully set forth herein.

54.     Defendants intentionally and deliberately inflicted emotional distress upon Ms. Autrey by violating her federal and state constitutional rights, by conspiring against her or by failing to prevent a conspiracy against her and by violating her civil rights and by committing an unreasonable intrusion onto her right to privacy. Defendants further knew or should have known that emotional distress was the likely result of their conduct.

55.     As a direct and proximate result of Defendants' conduct, the Plaintiff suffered extreme emotional distress, including anxiety, fear, loss of sleep, and humiliation, all to Plaintiff's damage in an amount exceeding the jurisdictional minimum of this court.

56.     The conduct of Defendant police officers so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

57.     **Wherefore**, Plaintiffs demand judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

15

## COUNT VI

### *Negligent Infliction of Emotional Distress*

58.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-57 as if fully set forth herein.

59.     Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad had a duty to supervise or train Defendant police officers and to take steps to prevent events such as occurred here, to wit, the unlawful search of Ms. Autrey's home and the invasion of her right to privacy.

60.     Defendant police officers had a duty to act according to the standard of ordinary care expected of police officers, to wit, to refrain from effectuating illegal searches and invading the privacy of law-abiding citizens and from depriving them of their constitutional rights. The failure of Defendant officers to act according to the aforementioned standard of care was the direct and proximate cause of Plaintiffs' injuries.

61.     Defendants City of Louisville, Louisville Metropolitan Police Department, and Chief Steve Conrad breached their duties by failing to act as entities in a supervisory capacity would act in this instance, to wit, by failing to perform their duties and adequately control and supervise Defendant police officers.

62.     As a result of the aforementioned breaches, which were the proximate causes of Plaintiff's injuries, Plaintiff suffered harm and damages.

63.     The conduct of all Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

64.     By virtue of the foregoing, Defendants were negligent and/or grossly negligent.

65.     **Wherefore**, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT VII

### *Negligence and Gross Negligence*

66.     Plaintiff realleges and incorporates by reference Paragraphs 1-65 as if fully set forth herein.

67.     Defendants City of Louisville, Louisville Metropolitan Police Department and Chief Steve Conrad owed a duty of care to the Plaintiff to hire, train and supervise Defendant officers involved in the unlawful search of Plaintiff's home and to take steps to prevent events such as occurred here.

68.     Defendants City of Louisville, Louisville Metropolitan Police Department and Chief Steve Conrad breached this duty of care by:

(a)     failing to use care in hiring Defendant officers, and/or

(b)     failing to properly train Defendant officers, and/or

(c)     failing to supervise Defendant officers to ensure their conduct met the standard of ordinary police officers.

69.     Defendants breached these duties further by failing to exercise even slight care in exercising the above-listed duties, including showing a reckless or wanton indifference to Plaintiff's constitutional rights.

70.    The aforementioned breach of duty by Defendants City of Louisville, Louisville Metropolitan Police Department and Chief Steve Conrad was the actual and proximate cause of the injuries sustained by Plaintiff.

71.    Defendants City of Louisville, Louisville Metropolitan Police Department and Chief Steve Conrad are also liable for the negligence of Defendant officers under the doctrine of respondeat superior.

73.    Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

74.    Defendants Cole, Shaw, and unknown officers of the Louisville Metropolitan Police Department had a duty of care to:

a) refrain from knowingly taking actions within their sphere of official responsibilities that would violate Plaintiff's constitutional rights;

b) refrain from acting with the malicious intention to cause a deprivation of Plaintiff's constitutional rights or other injury;

c) refrain from making an unreasonable intrusion upon Plaintiff's right to privacy.

75.    Defendant officers breached each of the duties of care listed above when they failed to exercise reasonable care in carrying out their responsibilities and official duties, with respect to Plaintiff.

76.    Defendant officers further breached each of these duties of care listed above when they failed to exercise even slight care in exercising said duties, including showing a reckless or wanton indifference to Plaintiff's constitutional rights.

18

77.     Defendant officers' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

78.     The breach of duty by Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

79.     The Plaintiff suffered damages as a result of the injury inflicted by Defendants.

80.     Defendants acted in bad faith.

81.     **Wherefore**, Plaintiff demands judgment against Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### CAUSES OF ACTION AGAINST DEFENDANTS BLUE DIAMOND APARTMENTS, LLC, STRATEGIC PROPERTY SERVICES INC., SHANNON SHATTUCK, PAM FREEMAN, AND UNKNOWN EMPLOYEES OF BLUE DIAMOND APARTMENTS, LLC, AND STRATEGIC PROPERTY SERVICES INC.

### COUNT I

*Invasion of Privacy*

82.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-81 as if fully set forth herein.

83.     Plaintiff asserts that the conduct of Defendants in entering her home and allowing police officers access to her home without either a warrant or probable cause constituted an intentional and unreasonable intrusion that would be highly offensive to a reasonable person upon the solitude, seclusion and privacy of Plaintiff, regarding matters that the

Plaintiff has a right to keep private, thereby constituting an invasion of Plaintiff's privacy by unreasonable intrusion.

84.      As a direct and proximate result of the acts of Defendants herein described, Plaintiff suffered severe emotional distress, mental and emotional anguish, embarrassment, humiliation, anxiety and loss of sleep, all to Plaintiff's damage in an amount exceeding the minimum jurisdictional amount of this court.

85.      The conduct of all Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

86.      **Wherefore**, Plaintiffs demand judgment against Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.


## COUNT II

### *Intentional Infliction of Emotional Distress*

87.      Plaintiff Sherita Autrey re-alleges and incorporates by reference Paragraphs 1-86 as if fully set forth herein.

88.      Defendants Shannon Shattuck, Pam Freeman, and unknown employees of Blue Diamond Apartments LLC and Strategic Property Services Inc., intentionally and knowingly inflicted emotional distress upon Ms. Autrey by entering her home and granting police officers access to her home with neither consent nor legal authority, constituting an unreasonable intrusion onto her right to privacy. Defendants further knew or should have known that emotional distress was the likely result of their conduct.

89.     As a direct and proximate result of Defendants' conduct, the Plaintiff suffered extreme emotional distress, including anxiety, fear, loss of sleep, and humiliation, all to Plaintiff's damage in an amount exceeding the jurisdictional minimum of this court.

90.     The conduct of Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

91.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc. are further liable under the doctrine of respondeat superior.

92.     **Wherefore**, Plaintiffs demand judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT III

### *Negligent Infliction of Emotional Distress*

93.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-92 as if fully set forth herein.

94.     Defendants Blue Diamond Apartments LLC, Strategic Property Services Inc., Shannon Shattuck, Pam Freeman, and unknown employees of Blue Diamond Apartments LLC and Strategic Property Services Inc., had a duty to refrain from intentionally and unreasonably intruding upon Plaintiff's reasonable expectation of privacy in her home, and from allowing governmental officers to do so without permission or legal authority.

95.     Defendants Shannon Shattuck, Pam Freeman, and unknown employees of Blue Diamond Apartments LLC and Strategic Property Services Inc., breached their duty to

Plaintiff by entering her home and by allowing police officers to enter and search her home with neither consent nor legal authority to do so.

96.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc. breached their duties by failing to act as entities in a supervisory capacity would act in this instance, to wit, by failing to perform their duties and adequately control and supervise their employees.

97.     As a result of the aforementioned breaches, which were the proximate causes of Plaintiff's injuries, Plaintiff suffered harm and damages.

98.     The conduct of all Defendants so far exceeded the bounds of tolerable conduct within a civilized society and so offended established notions of justice as to warrant an award of punitive damages in addition to actual, general, special and compensatory damages.

99.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc. are further liable under the doctrine of respondeat superior.

100.     **Wherefore**, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus attorney's fees and costs, in an amount not to exceed the jurisdictional limits of this Honorable Court.

## COUNT IV

### *Negligence and Gross Negligence*

101.     Plaintiff realleges and incorporates by reference Paragraphs 1-100 as if fully set forth herein.

22

102.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc., owed a duty of care to the Plaintiff to hire, train and supervise Defendant employees and to take steps to prevent events such as occurred here.

103.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc. breached this duty of care by:

(a)     failing to use care in hiring Defendant employees, and/or

(b)     failing to properly train Defendant employees, and/or

(c)     failing to adequately supervise Defendant employees

103.     Defendants breached these duties further by failing to exercise even slight care in exercising the above-listed duties, including showing a reckless or wanton indifference to Plaintiff's right to privacy.

104.     The aforementioned breach of duty was the actual and proximate cause of the injuries sustained by Plaintiff.

105.     Defendants Blue Diamond Apartments LLC and Strategic Property Services Inc. are further liable under the doctrine of respondeat superior.

106.     Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

107.     Defendants Shannon Shattuck, Pam Freeman, and unknown employees owed a duty of care to Plaintiff to refrain from making an unreasonable intrusion upon her right to privacy.

108.     Defendants breached this duty of care when they entered Plaintiff's home with neither consent nor legal authority to do so, and by allowing police officers to enter her

home and to search her belongings without a warrant, without consent and without probable cause.

109.    Defendants further breached the duty of care listed above when they failed to exercise even slight care in exercising said duties, including showing a reckless or wanton indifference to Plaintiff's right to privacy.

110.    Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

111.    The breach of duty by Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

112.    The Plaintiff suffered damages as a result of the injury inflicted by Defendants.

113.    Defendants acted in bad faith.

114.    **Wherefore**, Plaintiff demands judgment against Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.


## DAMAGES

115.    Plaintiffs re-allege and incorporate by reference Paragraphs 1-114 as if fully set forth herein.

116.    Plaintiff's mental and emotional anguish and pain and suffering were unnecessary and preventable.

117.    Defendants' violations of Plaintiffs' Constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiffs' rights, entitling her to recover punitive damages, costs and attorneys' fees in addition to actual, general, special and compensatory damages, in order to deter such conduct in the future.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

1.    Enter judgment against Defendants, jointly and severally, in a sum reasonably calculated to compensate Plaintiffs for their injuries and damages, including but not limited to recovery for mental and emotional distress and reimbursement for legal fees incurred in pursuit of this, action, pre- and post-judgment interest, costs and attorneys' fees;

2.    Award punitive damages against Defendants;

3.    Order a trial by jury;

4.    Enter an order declaring the conduct of Defendant officers Cole and Shaw unconstitutional.

5.    Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

6.    Grant to Plaintiffs such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

Respectfully Submitted,


_/s/Gregory D. Simms__
Gregory D. Simms
SIMMS & REED, PLLC
455 S. Fourth St., Suite 1228
Louisville, Ky. 40202
Telephone: (502) 618-4949
Facsimile: (502) 618-4954
*Counsel for Plaintiff*